UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHOUVONG MANIVONG,

                    Petitioner,

          v.

MARKWAYNE MULLIN, et al.,

                    Respondents.

Case No. 2:26-cv-01123-TLF

ORDER PROVISIONALLY GRANTING PETITIONER'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER (DKT. 2)

Petitioner states he is a citizen and national of Laos who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. Dkt. 1 at 3, 5. He further states respondents re-detained him on March 20, 2026, and that he had been released under an Order of Supervision since April 4, 2012. Dkt. 1 at 5-6. His petition asserts his re-detention violates due process and he seeks immediate release. *E.g.* Dkt. 1 at 8, 10, 12-13.

Petitioner now moves for a temporary restraining order ("TRO") "because Respondents have abruptly terminated Petitioner's long-standing liberty and are now actively positioned to execute his removal before this Court can adjudicate his constitutional challenge." Dkt. 2 at 2.

The standard scheduling order provided by General Order 10-25 (W.D. Wash. Gen. Ord. 10-25, Ex. 1) which the Court entered in the present matter (Dkt. 3) requires respondents provide petitioners and their counsel "at least 48 hours' notice (or 72 hours'

ORDER PROVISIONALLY GRANTING PETITIONER'S
EMERGENCY MOTION FOR A TEMPORARY
RESTRAINING ORDER (DKT. 2) - 1

notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States." Dkt. 3.

Respondents filed a Notice of Intent to Oppose petitioner's TRO. Dkt. 6. Therein, respondents assert that petitioner is "subject to a final order of removal" and that "travel documents have been obtained." Dkt. 6. Critically, respondents also reference this Court's scheduling order adopting General Order 10-25's notice requirement, that "removal to [petitioner's] country of citizenship is scheduled to occur within two weeks," and that "[p]etitioner was served with a notice of imminent removal on March 26, 2026." Dkt. 6.

The Court can grant a TRO to preserve its jurisdiction and maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (noting federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."); *see also, e.g. Pantoja v. Bondi*, No. C25-2440JLR, 2025 WL 3679732 (W.D. Wash. Dec. 18, 2025). This is especially so when an order is necessary to prevent an action that would otherwise destroy the court's jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

Accordingly, the Court **provisionally GRANTS** petitioner's TRO motion (Dkt. 2). This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing. Accordingly, the Court **ORDERS:**

1) Respondents **ARE PROHIBITED** from removing petitioner from the United States or transferring him from the Northwest ICE Processing Center to any other detention facility during the pendency of these proceedings *without further order*

ORDER PROVISIONALLY GRANTING PETITIONER'S
EMERGENCY MOTION FOR A TEMPORARY
RESTRAINING ORDER (DKT. 2) - 2

*of this Court*, unless such transfer is necessary for medical evaluation or treatment.

2) Petitioner's counsel **SHALL** immediately serve process and a copy of this Order on respondents. Petitioner's counsel **SHALL** immediately contact respondents' counsel to provide a copy of this Order and meet and confer on (1) a briefing schedule for the TRO motion and (2) whether the government will agree to a stipulated order to not remove petitioner from the United States and to not transfer petitioner to another facility during the pendency of this action.

3) If the parties can agree on a briefing schedule, they **SHALL** file a stipulated proposed briefing schedule with the Court, along with any other stipulations the parties may agree on for the pendency of this case. If the parties cannot reach agreement on a briefing schedule, then respondents **SHALL** respond to the TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

4) The Parties **SHALL** contact the courtroom deputy by email if they wish to schedule oral argument on the motion for a TRO.

DATED this 3rd day of April 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER PROVISIONALLY GRANTING PETITIONER'S
EMERGENCY MOTION FOR A TEMPORARY
RESTRAINING ORDER (DKT. 2) - 3