UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHOUVONG MANIVONG,

               Petitioner,

    v.

MARKWAYNE MULLIN, et al.,

               Respondent.

Case No. 2:26-cv-01123-TLF

ORDER DENYING PETITIONER'S HABEAS CORPUS PETITION

Petitioner is a citizen of Laos who is currently detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1, Petition. He alleges respondents re-detained him in violation of the Due Process Clause of the Fifth Amendment. Dkt. 1 at 2, 13.

Petitioner's habeas petition asks the Court to: (1) order his immediate release; (2) to permanently enjoin his re-detention absent written notice and a meaningful hearing prior to any such re-detention;(3) to enjoin respondents from placing a GPS ankle monitor on petitioner upon release; (4) to declare his re-detention without first providing an individualized determination before a neutral decisionmaker violated due process; and (5) to award attorney fees and costs. *Id*. at 13.

Petitioner also filed an emergency motion for a temporary restraining order ("TRO") asking for immediate release under the prior Order of Supervision ("OSUP") or, in the alternative, a stay of removal, and to enjoin respondents from removing him from the United States or this District while the Court considered his petition. Dkt. 2 at 7-8.

The Court provisionally granted petitioner's TRO "solely for the purpose of maintaining the status quo," while the Court considered the parties' motions after full briefing. Dkt. 7 at 2. The parties have unanimously consented to proceed before a Magistrate Judge. Dkt. 4.

For the reasons set forth below, the Court DENIES the habeas petition. The Court also now DENIES petitioner's TRO as MOOT. *See Sandhu v. Noem,* No. 2:26-CV-00465-TLF, 2026 WL 607701, at *1 (W.D. Wash. Mar. 4, 2026) (citing *Louangmilith v. Noem*, 808 F. Supp. 3d 1139, 1141 (S.D. Cal. 2025).

## BACKGROUND

Petitioner is a citizen of Laos who came to the United States as refugee in 1984 at the age of 10. Dkt. 1 at 1,5. He became a Lawful Permanent Resident on October 9, 1985. *Id*. at 5; Dkt. 16, Declaration of Lawerence Van Daley ("Van Daley Decl."), Ex. 5.

On May 14, 2010, petitioner was convicted in Oregon of two drug-trafficking offenses: delivery of 3,4-methylenedioxymethamphetamine in violation of Or. Rev. Stat. § 475.870, and delivery of cocaine in violation of Or. Rev. Stat. § 475.880(2). Dkt. 16, Van Daley. Decl., Ex. 6.

ORDER DENYING PETITIONER'S HABEAS CORPUS
PETITION - 2

On December 14, 2011, the Department of Homeland Security issued Petitioner a Notice to Appear charging removability under 8 U.S.C. § 1227(a)(2)(A)(iii). *Id*. at Ex. 5. On or about January 4, 2012, an immigration judge terminated his lawful permanent residency and issued a final order of removal, but petitioner was subsequently released on an OSUP on April 4, 2012. *Id*. at 5; Dkt. 16, Van Daley Decl., Ex 7 (Order of Removal), Ex. 6 (OSUP).

Petitioner has remained out of detention for approximately fourteen years He asserts that, for this entire period, he complied with all reporting requirements, maintained a stable residence, and supported himself through employment authorized by the government. *Id*. at 2.

On either January 30, 2026 or February 11, 2026, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") obtained a travel document for petitioner from the Laotian government. Dkt. 8 at 2; Dkt. 10, Van Daley Decl., Ex. 1; *but see* Dkt. 9, Declaration of Deportation Officer Yralees Melendez ("Melendez Decl.") ¶ 4.

On March 20, 2026, ICE officers detained petitioner while he was driving to work. *Id*. at 6. On the same day, ICE issued a notice revoking his OSUP, conducted an informal interview, and served petitioner with a notice of his imminent removal. Dkt. 10, Van Daley Decl., Exs. 3-5.

## ANALYSIS

Petitioner argues that his same-day notice, interview, and detention failed to satisfy due process, particularly given his fourteen-year period of liberty under the

ORDER DENYING PETITIONER'S HABEAS CORPUS
PETITION - 3

OSUP, because he was not provided a meaningful individualized determination before a neutral decisionmaker. *See generally*, Dkt. 1. The government contends that it complied with all applicable regulations by providing notice, an interview, and a removal notice contemporaneously with detention. Dkt. 15 at 6 (arguing these "procedures supplied him with timely notice and a meaningful opportunity to be heard precisely when the triggering event for revocation occurred…").

Federal courts have authority to grant a writ of habeas corpus to an individual in custody if such custody is in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

**Due Process**

The Due Process Clause of the Fifth Amendment prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const., Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976). Determining whether a particular administrative procedure satisfies due process "generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest,

ORDER DENYING PETITIONER'S HABEAS CORPUS
PETITION - 4

including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335; *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320–21. (W.D. Wash. 2025).

**1. Private Interest**

Under the first *Mathews* factor, the Court determines the private interest to be affected by the official action. Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see also Zadvydas*, 533 U.S. at 696 (finding that a non-citizen has a liberty interest "strong enough" to challenge "indefinite and potentially permanent" immigration detention).

A released individual had an "opportunity 'to form the [ ] enduring attachments of normal life'" and thus has a heightened liberty interest, such as those which led the Supreme Court in *Morrisey* to impose due process requirements on parolees where the state seeks to revoke parole. *Carballo v. Andrews*, No. CV25-978-KES-EPG (HC), 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025) (citation omitted).

Petitioner lived in the community for fourteen years under supervision and developed substantial community ties. Accordingly, the first *Mathews* factor favors petitioner. *See Makuey v. Scott*, No. 2:26-CV-00632, 2026 WL 925647, at *4 (W.D. Wash. Apr. 6, 2026) (holding the first factor favored a petitioner who had been out on an OSUP and was subject to a 2012 final order of removal to South Sudan with pending travel documents to South Sudan).

ORDER DENYING PETITIONER'S HABEAS CORPUS
PETITION - 5

**2. Risk of Erroneous Deprivation**

The second *Mathews* factor examines "the risk of an erroneous deprivation of [the petitioner's private] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards[.]" *Mathews*, 424 U.S. at 335.

The relevant statutory framework permits detention of noncitizens subject to a final order of removal during the removal period and contemplates a 90-day removal period. 8 U.S.C. § 1231(a)(1). Once removal is no longer reasonably foreseeable, continued detention is not authorized. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The Court agrees with the analysis in *Saechao v. Scott,* No. 2:26-CV-00548-TMC, 2026 WL 626765, at *4 (W.D. Wash. Mar. 5, 2026), that, "[b]ecause ICE did not detain Petitioner until it had secured a travel document, it is unlikely that detaining him to facilitate that removal is erroneous, even without a hearing." The Court further explained that if removal does not occur, the petitioner may seek relief under *Zadvydas*, and that this post-deprivation remedy, together with the regulatory framework, sufficiently protects the petitioner's "liberty interest in being free from indefinite detention when removal is not foreseeable." *Id*. at *5.

Here, ICE provided petitioner with a Notice of Revocation and Release stating that release had been revoked pursuant to 8 C.F.R. § 241.4(l) because "ICE has the ability and means to effectuate [the] removal" and "ICE has obtained a travel document and scheduled [the] removal to take place no later than April 30, 2026." Dkt. 10, Van Daley Decl., Ex. 2. Petitioner was also given an informal interview "to respond to the reasons for revocation of his or her order of supervisor stated in the notification letter" and made no oral or written statement or provide documents. *Id*. at Ex. 3. That same

ORDER DENYING PETITIONER'S HABEAS CORPUS
PETITION - 6

day, petitioner was served a Notice of Imminent Removal pursuant to 241.4(g)(4). *Id.* at Ex. 4 (the relevant statute states "Removal. The Service will not conduct a custody review under these procedures when the Service notifies the alien that it is ready to execute an order of removal.").

As in *Xiong*, where the Court found a Due Process claim unviable, there is no indication here in the record that petitioner asserted a fear of removal to Laos. *See Xiong v. Wofford,* No. 1:25-CV-2004 CSK, 2026 WL 177739 (E.D. Cal. Jan. 22, 2026).

Petitioner argues that, because ICE did not provide written notice of any alleged violation, no statement of reasons, and no opportunity to be heard before a neutral decisionmaker "prior to detention renders the deprivation of liberty constitutionally deficient as a matter of law." Dkt. 1 at 9. But ICE followed its agency regulations, and the risk of erroneous detention is low when, as here, the ICE ERO secured a valid travel document prior to re-detention.

Accordingly, the second Mathews factor weighs in the government's favor.

### 3.  Government's Interest

The government "has a legitimate interest in ensuring that a noncitizen subject to a final order of removal appears when necessary to facilitate removal." *See Saelee v. Bondi*, No. 2:25-CV-02677-TLF, 2026 WL 221513, at *6 (W.D. Wash. Jan. 28, 2026) (citing *Tran v. Bondi*, No. 2:25-CV-02335-DGE-TLF, 2025 WL 3725677, at *3 (W.D. Wash. Dec. 24, 2025)). That interest is "[s]tronger yet…where, as here, the government has shown that removal is likely to occur in the reasonably foreseeable future." *Saechao*, 2026 WL 626765, at *5; *see also Prieto-Romero v. Clark*, 534 F.3d

ORDER DENYING PETITIONER'S HABEAS CORPUS
PETITION - 7

1053, 1063 (9th Cir. 2008). The government has an interest in detaining noncitizens to effectuate their removal. *Makuey v. Scott*, 2026 WL 925647, at *4.

ICE ERO obtained a valid travel document prior to re-detaining petitioner and complied with applicable regulations in revoking petitioner's OSUP, providing petitioner adequate Due Process. *Id*. ("Here, where Respondents had a valid travel document, and followed 8 C.F.R. § 241.4(l) in revoking Petitioner's Order of Supervision, Petitioner has received due process.").

Accordingly, the Court DENIES Petitioner's due process claim.

### CONCLUSION

For these reasons, the Court DENIES petitioner's habeas corpus petition (Dkt.1) and DENIES petitioner's TRO as moot (Dkt. 2).

…

Dated this 29th day of April, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PETITIONER'S HABEAS CORPUS
PETITION - 8